## Lindholm v. Kice.

(Decided February 2, 1926.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Appeal and Error—Court of Appeals will Not Disturb Chancellor's Finding of Fact, if Mind is Left in Doubt as to Truth.—Where only question of fact is raised on appeal, Court of Appeals will give weight to finding of chancellor, and will not disturb his finding on facts, if mind is left in doubt as to the truth.

2. Mortgages—Evidence Held Sufficient to Support Judgment Enforcing Mortgage as Against Claim of Fraud in Exchange of Land.—

Evidence held sufficient to support judgment enforcing purchase money mortgage as against claim of fraud in exchange of land, in that mortgagee fraudulently represented land to be worth more than it was.

3. Judgment—Court Properly Corrected Clerical Error in Judgment. —Court properly corrected clerical error in judgment.

SAMUEL B. KIRBY, JR., for appellant.

DELOZIER MOXLEY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Schiller & Hildesheim of Los Angeles, California, who owned a house there, employed Albert L. Lindholm, a real estate broker there, to sell it for them. M. S. Kice was in Los Angeles on a visit of several months. He owned ten acres of land in Jefferson county, Kentucky, about three miles east of Anchorage on the interurban line between Louisville and Lagrange, and also on a highway known as Lover's Lane. A trade was made there by which Schiller & Hildesheim conveyed to Kice the property in Los Angeles and he conveyed to Lindholm the ten acres in Kentucky, and Lindholm executed to Kice a mortgage on the Kentucky property for $2,500.00. Kice assumed a mortgage of $5,500.00 on the Los Angeles property; he paid to Schiller & Hildesheim $1,500.00 in cash, also the $2,500.00 which was secured by the mortgage on the Kentucky property. It was agreed between Schiller & Hildesheim and Lindholm that the mortgage for $2,500.00 was first to be paid out of the Kentucky property, then that Lindholm should receive next $1,500.00 of the proceeds for his commissions and that the remainder of the proceeds of the Kentucky property should be divided between them and Lindholm. Kice brought this suit to enforce his mortgage. Lindholm defended upon the ground that the mortgage was obtained by fraud, in that he did not know the value of the Kentucky property; that Kice knew its value and fraudulently represented it to be worth $5,000.00, when he knew it was not worth over $2,000.00. Proof was taken and on final hearing the circuit court entered a judgment in favor of Kice. Lindholm appeals.

Only a pure question of fact is raised on the appeal. In such cases this court gives weight to the finding of the chancellor, and does not disturb his findings on the

facts if the mind is left in doubt as to the truth. While there is evidence that Kice represented the property to be worth $5,000.00, there is evidence that his representation was only that the property was more valuable than other lands lying near it which he had sold for $350.00 an acre. In fact the property only sold for $1,825.00, and was appraised at the sale at $2,000.00, and seven witnesses testify that this is all it was ever worth. There are five or six witnesses who testify that it was worth from three hundred and fifty to five hundred dollars an acre at the time of the transaction in California. The transaction was had in California on February 27, 1920. In the latter part of the year 1919 land values were very high. There has been a great fall, especially in agricultural land, since 1920. There is proof that suburban property did not fall in price as much as agricultural land and that the property in question was suburban property, but there is also proof in the record that this would depend upon the distance of the suburban property from Louisville. The chancellor knew the witnesses. The case turned on the weight to be given the testimony of the witnesses on either side. Questions of value turn on the judgment of the person and this is especially true in the case of property like that in controversy, for which one person who fancies the property and would want it for a residence might pay much more for it than another. Before the trade was made in California Kice gave Schiller the name of the person who owned the land adjoining and also the names of two other persons as men who would know the value of the property. Schiller wired to the adjoining property owner and he wired back in substance that the property was worth $500.00 an acre. He testifies now that it was worth that. There is no proof of collusion between Kice and this property owner. Schiller made no other efforts to inform himself as to the value of the property. There is proof that Kice was giving the land in for assessment at $1,100.00 and that he had offered the property to an adjoining owner for $2,500.00, but there is also proof that other similar property was sold about this time for $350.00 an acre. Under all the facts the judgment of the chancellor cannot be disturbed. The court properly corrected a clerical error in the judgment.

Judgment affirmed.